UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| PHILLIP LEE GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-234 |
| | ) | |
| WILLIAM TERRY and THE ATTORNEY GENERAL OF THE STATE OF GEORGIA, | ) ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C.

§ 2244(d)(1). The limitation period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). On September 23, 2004, the petitioner was convicted of robbery in the Chatham County Superior Court. (Doc. 1 at 3.) He did not appeal the conviction. (Id.) Consequently, under 28 U.S.C. § 2244(d), his one-year limitations period for filing a §2254 petition began to run on October 25, 2004,[1] when the thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired. See O.C.G.A. § 5-6-38.

The one-year limitations period set forth in § 2244 is tolled when a state prisoner properly files an application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2); see Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Here, petitioner did not seek collateral relief in state court until December 4, 2006, over two years after his conviction became final. (Doc. 1 at 3.) Thus, the § 2254 limitations period

---

[1] The thirtieth day after the conviction fell on Saturday October 23, 2004. Accordingly, petitioner had until Monday, October 25, 2004, to file his notice of appeal.

expired before petitioner sought state post-conviction review. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [petitioner's] that is filed following the expiration of the [§ 2244] limitations period cannot toll that period because there is no period remaining to be tolled."). Consequently, the tolling provision provides petitioner with no relief; the present federal petition is time barred under § 2244. Id.

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation sua sponte and dismiss those actions that are time-barred. Jackson v. Sec'y for Dept. of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging petitioner's 2004 Chatham County conviction is untimely, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __8th__ day of December, 2008.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA