UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PHILIP LEE GREEN

Petitioner,

v.                    408CV234

WILLIAM TERRY and THE ATTORNEY
GENERAL OF THE STATE OF GEORGIA,

Respondents.

## ORDER

Philip Lee Green, an inmate at Macon State Prison, filed a petition with this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. # 1. The Court denied that motion based on the magistrate judge's report and recommendation (R&R). Doc. # 3 (R&R); doc. # 7 (Order adopting R&R). Green has appealed this Court's decision, doc. # 9 (Notice of Appeal (NOA)), and filed a Motion for a Certificate of Appealability (COA), doc. # 11, which the Court construes as an implied motion for leave to appeal *in forma pauperis* (IFP).

This case is unusual in that Green claims that he made an error when filling out his habeas petition that may have affected the outcome of this Court's decision. The R&R recommended that the Court summarily dismiss that petition because it was time-barred under 28 U.S.C. § 2244. Doc. # 3 at 3. The magistrate judge reasoned:

> The limitation period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000). On September 23, 2004, the petitioner was convicted of robbery in the Chatham County Superior Court. (Doc. 1 at 3.) *He did not appeal the conviction.* (*Id.*) Consequently, under 28 U.S.C. § 2244(d), his one-year limitations period for filing a §2254 petition began to run on October 25, 2004, when the thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired. *See* O.C.G.A. § 5-6-38.

*Id.* (emphasis added, footnote omitted). Thus, the recommendation of dismissal was based on the understanding that Green had never appealed his state court conviction. Had he done so, the one-year limitations period would have been tolled while the appeal was pending. 28 U.S.C. § 2244(d)(2).

It turns out, however, that Green actually had appealed his conviction in state court, but when he submitted his habeas petition, he mistakenly checked a box indicating that he had not. After the R&R was filed, Green moved to amend his petition to correct his error. Doc. # 5.

Unfortunately, due to an oversight, Green's Motion to Amend was not factored into this Court's decision when it adopted the R&R. It was only after this Court had issued its Order that it realized that Green's Motion to Amend remained pending. This is regrettable, and Green should have a chance to amend his petition so that the Court may consider a wholly accurate version of the facts.

The problem now is that Green has filed a Notice of Appeal which has divested this Court of jurisdiction to grant relief from its own judgment. *Mahoney v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal.") As the Court's Order is now a final judgment, a Rule 60(b)(1) motion would be the appropriate avenue for relief. Fed.R.Civ.P. 60(b)(1) (allowing relief

from judgment based on "mistake, inadvertence, surprise, or excusable neglect"). While Green has not filed an express Rule 60(b)(1) motion, he did file a motion to amend his complaint. Doc. #5. Given that the Court did not consider that motion until after it rendered its judgment, it comports with the interests of justice to liberally construe that motion as a Rule 60(b)(1) motion.[1]

A previous case from this circuit offered instructions on handling a Rule 60(b) motion after an NOA has stripped the district court of jurisdiction to grant it:

> What should a trial court do, in the position of the district court in this case, when a Rule 60(b) motion is filed after appeal has been noticed? Certainly the movant should give notice to the appellate court that the motion has been filed and request that no action be taken on the appeal.... If inclined to grant the motion, it so indicates and the movant can then apply to the appellate court for remand for the trial court to enter its order. *Ferrell v. Trailmobile*, [223 F.2d 697 (5th Cir. 1955)]. These suggestions are not, however, a judicial tightrope to be walked at peril. Where the litigant has timely initiated procedure for relief, he should not be penalized for choice of the "wrong" procedure. There should be an opportunity for the district court in the first instance to reach the merits of the motion and either deny it, or, if the motion is to be granted, seek authorization to grant it. The court of appeals should be kept informed of what is occurring so that it can take appropriate action with respect to the pending appeal.

*Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 932 (5th Cir. 1976).[2]

Thus, this Order shall be submitted to the Eleventh Circuit and shall serve as a request for that Court to remand this case so that this Court may reinstate[3] and grant Green's motion to amend his habeas petition and reconsider the petition in light of Green's corrections.

Should the Eleventh Circuit decline to remand this case, then this Order may be considered a grant of Green's COA/IFP motion so that his appeal may go forward.

In conclusion, the Court instructs the **CLERK** to **FORWARD** this Order to the Eleventh Circuit Court of Appeals, so that it may consider this Court's request for remand. If the Court of Appeals declines to remand at this time, this Court **GRANTS** Greens' COA and IFP motions, doc. # 11, so that the Eleventh Circuit may review the issue of whether Green should have been able to amend his petition prior to its dismissal.

This 18th day of February 2009

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court acknowledges that Rule 60(b) applies only to "*final* judgment[s], order[s], or proceeding[s]," and Green's motion to amend was filed before the Court entered its final judgment. However, the Court did not consider the motion until after its final judgment. For the sake of efficiency (to conserve the Eleventh Circuit's resources and to avoid the judicial ping-pong between this Court and the Eleventh Circuit) and in the interest of justice (no prejudice will result to either party), the Court construes the motion to amend as a valid Rule 60(b) motion.

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to 10/1/81.

[3] Green's Motion to Amend was administratively terminated following the judgment against him. *See* docket entry on 2/3/09.